IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| RUBEN ANDERSON #596151 | § | |
| v. | § | CIVIL ACTION NO. 5:12cv50 |
| JAMES BURGESS, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Ruben Anderson, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Anderson has identified persons named James Burgess, Jason Smith, Ricky Leakes, Norris Jordan, Charles Lafayette, Charles Howard, and Nathan Jordan.

The operative pleading in the case is Anderson's second amended complaint, The Defendants were served with process and filed a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., asserting Anderson failed to state a claim upon which relief can be granted. The Defendants argued Anderson's pleadings were "devoid of anything resembling the standard for factual allegations and describing his claims as "nothing but conclusory, unelaborated allegations that they violated his rights and caused him harm."

Anderson did not file a response to the motion to dismiss, but did file a motion for leave to file yet another amended complaint; however, this pleading simply asserted the Defendants had not filed an answer to his second amended complaint, entitling him to a default judgment.

1

After review of the pleadings, the Magistrate Judge issued a Report recommending the motion to dismiss be granted and the lawsuit dismissed. The Magistrate Judge set out the pleading standards approved by the Supreme Court in Iqbal v. Ashcroft, 129 S.Ct. 1937, 1949 (2009), and determined Anderson failed to meet these standards because his pleadings do not contain sufficient factual matter to set out a claim for relief which is plausible on its face. The Magistrate Judge also determined that certain of the allegations made by Anderson, including claims that officers allow inmates to enter the pipe chase in order to watch him through the light fixture, were irrational and wholly incredible, and the sheer volume of Anderson's pleadings in this and other cases belied his claim that all of his outgoing mail is being stolen. The Magistrate Judge also concluded that Anderson's claims he was being threatened, TDCJ grievance officers were violating his rights, and the Defendants were liable to him on a theory of *respondeat superior* were without merit.

In his objections to the Magistrate Judge's Report, Anderson asks each of the defendants be subjected to polygraph examinations "so that the Court can decide who's right and who's wrong on the case." He contends that although he was denied an attorney, he is entitled to a "court investigator to help me get all legal information needed to present to the court as evidence and proof of such allegations."

Next, Anderson notes the Magistrate Judge stated this case is like the last one he filed, and the Magistrate Judge's recommendation "are a mirror to the last one." He complains the Magistrate Judge "went down hard on Mr. Anderson for Anderson filed on Judge Caroline Craven on 2/25/13 so out of her evil intents is like acting as one of these officers." He argues that he faces a substantial risk of serious harm and the lieutenants are responsible.

Anderson contends he is suing Dr. Stanley, although the doctor is not named as a defendant in the lawsuit, for negligence and recklessness. He complains that "they" bring him his legal mail already opened or rip it open and give it to other inmates.

Next, Anderson complains the Defendants did not adhere to the court deadlines in the scheduling order and asks how a motion to dismiss can be granted when the defendants have not

answered the Court since December of 2012. He refers to a "bribe or fee" which he claims the Magistrate Judge received from the State of Texas, stating this was "definitely criminal." Finally, Anderson asks the Court to send an investigator to look at the pipe chases to provide evidence for his claims. He attaches a set of documents to his objections, which appear to refer to the deactivation of his inmate ID card, rendering him unable to purchase items at the commissary, a claim which does not appear in his lawsuit.

Anderson's objections are without merit. He does not address the central issue in the case, which is that his pleadings fail to state a claim upon which relief may be granted because they do not contain sufficient factual matter to set out a claim for relief which is plausible on its face. He is not entitled to the appointment of an investigator or to have polygraphs administered to the defendants. Anderson did not name Dr. Stanley as a defendant in his lawsuit and his contention that he is suing the doctor for "negligence" does not set out a claim of federal relief in any event. Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999). His complaint that unnamed persons have destroyed his legal mail on unspecified occasions, and he faces "substantial risk of harm," have no factual specificity and thus do not set out valid claims under Iqbal. Anderson's accusations that the Magistrate Judge took bribes and acted with "evil intent" are patently without merit.

After filing his objections, Anderson has filed a motion for a preliminary injunction and a motion for leave to file another amended complaint. His request for a preliminary injunction claims that an individual named Gooden, who is not a party in this case, has "put a contract on [his] head." He states that Gooden is telling all of the inmates that he does not want Anderson going home or to an intermediate sanction facility and that Anderson is a snitch and has AIDS. Anderson adds that all of the gang members are out of their cells "24/7" waiting for the officers to give them Anderson's mail and that he needs an injunction to save him from "all this murderous ranking officers and everybody knowing about."

Captain Gooden is not a party in the present case and Anderson has shown no basis for the issuance of a preliminary injunction in any event. He has not shown that he has a substantial

answered the Court since December of 2012. He refers to a "bribe or fee" which he claims the Magistrate Judge received from the State of Texas, stating this was "definitely criminal." Finally, Anderson asks the Court to send an investigator to look at the pipe chases to provide evidence for his claims. He attaches a set of documents to his objections, which appear to refer to the deactivation of his inmate ID card, rendering him unable to purchase items at the commissary, a claim which does not appear in his lawsuit.

Anderson's objections are without merit. He does not address the central issue in the case, which is that his pleadings fail to state a claim upon which relief may be granted because they do not contain sufficient factual matter to set out a claim for relief which is plausible on its face. He is not entitled to the appointment of an investigator or to have polygraphs administered to the defendants. Anderson did not name Dr. Stanley as a defendant in his lawsuit and his contention that he is suing the doctor for "negligence" does not set out a claim of federal relief in any event. Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999). His complaint that unnamed persons have destroyed his legal mail on unspecified occasions, and he faces "substantial risk of harm," have no factual specificity and thus do not set out valid claims under Iqbal. Anderson's accusations that the Magistrate Judge took bribes and acted with "evil intent" are patently without merit.

After filing his objections, Anderson has filed a motion for a preliminary injunction and a motion for leave to file another amended complaint. His request for a preliminary injunction claims that an individual named Gooden, who is not a party in this case, has "put a contract on [his] head." He states that Gooden is telling all of the inmates that he does not want Anderson going home or to an intermediate sanction facility and that Anderson is a snitch and has AIDS. Anderson adds that all of the gang members are out of their cells "24/7" waiting for the officers to give them Anderson's mail and that he needs an injunction to save him from "all this murderous ranking officers and everybody knowing about."

Captain Gooden is not a party in the present case and Anderson has shown no basis for the issuance of a preliminary injunction in any event. He has not shown that he has a substantial

answered the Court since December of 2012. He refers to a "bribe or fee" which he claims the Magistrate Judge received from the State of Texas, stating this was "definitely criminal." Finally, Anderson asks the Court to send an investigator to look at the pipe chases to provide evidence for his claims. He attaches a set of documents to his objections, which appear to refer to the deactivation of his inmate ID card, rendering him unable to purchase items at the commissary, a claim which does not appear in his lawsuit.

Anderson's objections are without merit. He does not address the central issue in the case, which is that his pleadings fail to state a claim upon which relief may be granted because they do not contain sufficient factual matter to set out a claim for relief which is plausible on its face. He is not entitled to the appointment of an investigator or to have polygraphs administered to the defendants. Anderson did not name Dr. Stanley as a defendant in his lawsuit and his contention that he is suing the doctor for "negligence" does not set out a claim of federal relief in any event. Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999). His complaint that unnamed persons have destroyed his legal mail on unspecified occasions, and he faces "substantial risk of harm," have no factual specificity and thus do not set out valid claims under Iqbal. Anderson's accusations that the Magistrate Judge took bribes and acted with "evil intent" are patently without merit.

After filing his objections, Anderson has filed a motion for a preliminary injunction and a motion for leave to file another amended complaint. His request for a preliminary injunction claims that an individual named Gooden, who is not a party in this case, has "put a contract on [his] head." He states that Gooden is telling all of the inmates that he does not want Anderson going home or to an intermediate sanction facility and that Anderson is a snitch and has AIDS. Anderson adds that all of the gang members are out of their cells "24/7" waiting for the officers to give them Anderson's mail and that he needs an injunction to save him from "all this murderous ranking officers and everybody knowing about."

Captain Gooden is not a party in the present case and Anderson has shown no basis for the issuance of a preliminary injunction in any event. He has not shown that he has a substantial

likelihood of success on the merits of his claims, and his bald and conclusory allegations fall well short of showing that he faces a significant danger of irreparable injury. <u>Libertarian Party of Texas v. Fainter</u>, 741 F.2d 728, 729 (5th Cir. 1984).

Anderson has also filed yet another motion for leave to amend his complaint. The proposed amended complaint relates to matters which have occurred after the motion to dismiss was filed, and seeks to add a number of new claims and defendants. The addition of new claims and parties, after a motion to dismiss was filed and a Report recommending the granting of this motion was issued, would unduly delay the orderly disposition of the case and cause undue prejudice to the defendants. In addition, a review of Anderson's proposed amended complaint does not show that it adds substance to the original allegations or is germane to the original cause of action. <u>Chitimacha Tribe of Louisiana v. Harry L. Laws Co.</u>, 690 F.2d 1157, 1163 (5th Cir. 1982); <u>Henderson v. Stewart</u>, 82 F.3d 415, 1996 WL 167212 (5th Cir., March 13, 1996) (district courts have discretion whether or not to permit a supplemental pleading, and may deny such requests in the event of undue delay or trial inconvenience or prejudice to the rights of other parties to the action). Neither Anderson's request for injunctive relief nor his proposed amended complaint contain any basis for rejecting the Report of the Magistrate Judge.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 23) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' Motion to Dismiss (docket no. 18) is hereby GRANTED and the above-styled civil action be and hereby is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. Rule 12(b)(6), Fed. R. Civ. P. It is further

ORDERED that the Plaintiff's motion for leave to file an amended complaint, filed April 11, 2013 (docket no. 27) is DENIED. It is further

ORDERED that the Plaintiff's motion for a preliminary injunction, filed April 4, 2013 (docket no. 26) is DENIED. It is further

ORDERED that the Clerk shall send a copy of this order to the Administrator of the Strike List for the Eastern District of Texas. Finally, it is

ORDERED that any and all other motions which may be pending in this cause are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 18th day of April, 2013.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE