IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| RUBEN ANDERSON | § | |
| v. | § | CIVIL ACTION NO. 5:12cv50 |
| JAMES BURGESS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT

The Plaintiff Ruben Anderson, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Anderson filed an original complaint, two supplemental complaints, and a motion for leave to amend. After reviewing the pleadings, the Magistrate Judge ordered him to file an amended complaint setting out a short and plain statement of his claims, naming all of the persons whom he wished to sue and raising all of the issues he wished to present. Anderson complied with this order and filed a second amended complaint on November 6, 2012 (docket no. 11). This became the operative pleading in the lawsuit.

The Defendants were served with process and filed a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P. This motion alleged Anderson's pleadings fell well short of the standard for factual allegations, but instead consisted of nothing more than "conclusory, unelaborated allegations that [the defendants] have violated his rights and caused him harm." The Magistrate Judge recommended the motion to dismiss be granted. This recommendation was adopted by the district court and the lawsuit was dismissed on April 18, 2013.

1

On May 6, 2013, Anderson filed a motion to alter or amend the judgment under 59(e), Fed. R. Civ. P. The Magistrate Judge issued a Report recommending the motion be denied. The Magistrate Judge observed that Anderson's motion failed to show an intervening change in controlling law or newly discovered evidence, nor did he show a manifest error of law or fact which must be corrected. Instead, the Magistrate Judge stated Anderson's motion essentially repeats the allegations of his pleadings, including the same deficiencies which led to the dismissal of his lawsuit. Thus, the Magistrate Judge concluded Anderson's motion presented no basis upon which to set aside the dismissal of his lawsuit.

Anderson's objections to the Report are devoted to arguing that he has presented "new evidence" in the form of medical records showing he does not have AIDS. However, in his second amended complaint, he stated he had tested negative for AIDS, a fact noted by the Magistrate Judge in her Report recommending dismissal of the lawsuit. Anderson has not shown how his more recent medical records confirming the prior determination that he did not suffer from this disease warrants setting aside the final judgment in the case, which final judgment was not based on whether or not he suffers from AIDS but on the fact his pleadings entirely fail to meet the standards for factual allegations set out in Iqbal v. Ashcroft, 129 S.Ct. 1937, 1949 (2009). Anderson's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 33) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's motion to alter or amend the judgment (docket no. 32) is hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 3rd day of October, 2013.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE